UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD DALE BERRY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:19-cv-01510-LSC-HNJ |
| SHERRIFF MARK MOON, et al., | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The plaintiff, a former inmate of the Blount County Jail,[1] filed a *pro se* complaint on the forms normally utilized by prisoners seeking damages or injunctive relief under 42 U.S.C. § 1983. The complaint includes an allegation that the plaintiff was not being properly treated for an aortic aneurysm and uncontrolled hypertension while in the Blount County Jail. (Doc. 1).

On October 1, 2019, the plaintiff submitted a pleading titled "Motion for Emergency and Immediate Intervention," (doc. 5), in which he alleged his aneurysm had grown to 5.0 centimeters and that he was "in need of immediate repair by open heart surgery." (*Id.* at 2). He stated that the jail medical staff's inability to control his

---

[1] The plaintiff has been released from the Blount County Jail and is presently confined in the St. Clair County Jail. (Doc. 24).

hypertension was causing the aneurysm to grow larger, which could cause a rupture and death. (*Id.* at 2).  The court construed the plaintiff's pleading as a motion for preliminary injunction and ordered the defendants identified as Sheriff Mark Moon, Nurse Amber Brown, Nurse Debbie Rudy, and Dr. Frantczy Ceneus, as well as the Blount County Jail's Chief Medical Officer, to provide the court with a preliminary special report addressing the plaintiff's claims. (Doc. 6).

Upon receipt of the defendants' preliminary special report, the undersigned entered a report recommending the plaintiff's motion be denied. (Doc. 16).  Based upon the testimony of Dr. Ceneus, the undersigned concluded that the record fails to establish evidence of an immediate need for the court's intervention and no evidence indicating the danger of irreparable injury in the absence thereof. (*Id.* at 6).

On October 15, 2019, the plaintiff filed a pleading titled "Motion for Emergency and Immediate Intervention Part 2." (Doc. 13).  The plaintiff complained that the Blount County Jail had no overnight healthcare, which he contended placed him in danger during nighttime episodes of high blood pressure that could result in a rupture of his aortic aneurysm. (*Id.* at 1).  He also contended the jail never followed up on the emergency department physician's recommendation that he have a repeat CT scan. (*Id.* at 2 & 13). He asked this court to issue an order requiring the Blount County Jail to release him on "medical bond." (*Id.* at 3).

On October 18, 2019, the undersigned entered a report recommending this second motion be denied. (Doc. 19).  The undersigned concluded that the additional

allegations submitted in the plaintiff's second motion for emergency intervention did nothing to demonstrate an immediate need for the court's intervention.

On October 21, 2019, the plaintiff submitted a *third* Motion for Emergency Intervention. (**Doc. 20**). In this motion, the plaintiff contended the defendants filed "false and fraudulent papers and claims" with the court. He contended the defendants submitted this "falsified paperwork to hide their inadequate, neglectful medical care." (*Id.* at 4). The undersigned has not filed a report and recommendation on this latest motion.

Now pending before the court is the defendants' motion to dismiss the above motions. (Doc. 25). The defendants argue that the plaintiff's transfer to the St. Clair County Jail renders his motions for the court's intervention as moot.

"Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (*citing Dudley v. Stewart*, 724 F.2d 1493, 1494-95 (11th Cir. 1984)). In other words, "[p]ast exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Dudley*, 724 F.2d at 1494 (*citing O'Shea v. Littleton*, 414 U.S. 488 (1974)).

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies". U.S. Const. art. III, § 2, cl. 1. *See Florida Right to Life, Inc. v. Lamar*, 273 F.3d 1318, 1322 (11th Cir. 2001). "The 'case or

3

controversy' requirement imposes justiciability limitations on federal courts, and these limitations include mootness." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003). Mootness is a "threshold inquiry" for the court in every case and is a jurisdictional issue. (*Id.*). That is, "an action that is moot cannot be characterized as an active 'case or controversy'" and dismissal is therefore mandated under those circumstances. *De La Teja v. United States*, 321 F.3d 1357, 1361-62 (11th Cir. 2003) (quoting Najjar v. Ashcroft 273 F.3d 1330, 1335 (11th Cir. 2001). Once a case becomes moot, any decision on the merits would constitute an impermissible advisory opinion. *Nyaga*, 323 F.3d. at 913.

A case is "moot" when the court can no longer provide "meaningful relief" to the plaintiff. *Nyaga*, 323 F.3d. at 913. Even where events occur subsequent to the filing of the complaint which deprive the court of its ability to render meaningful relief to the plaintiff, the case is moot and must be dismissed. *Florida Public Interest Research Group Citizens Lobby, Inc. v. Environmental Protection Agency*, 386 F.3d 1070, 1086 (11th Cir. 2004); *Troiano v. Supervisor of Elections in Palm Beach County, Florida*, 382 F.3d 1276 (11th Cir. 2004). In the present case, the plaintiff has been released from the Blount County Jail and therefore his motions seeking preliminary injunctive relief (doc's 5, 13, & 20) directed at the jail staff have become moot. Under the circumstances, this court can no longer render meaningful relief.

## RECOMMENDATION

Pursuant to the foregoing, the magistrate judge recommends that the defendants' motion (doc. 25) to dismiss as moot the plaintiff's motions for emergency relief be

**GRANTED** and that the plaintiff's motions for emergency preliminary injunctive relief (doc's 5, 13, & 20) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. A party must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims or assertions contained in the Motion for Emergency and Immediate Intervention, (doc. 5), or the preliminary special report, (doc. 9), that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the un-objected- to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review de novo those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and

recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff and upon counsel of record.

**DONE** this 12th day of November, 2019.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE